**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

DECORATIVE SCREEN FENCE, INC.

    Plaintiff

    v.                            **CIVIL NO.** 05-1524 (JAG)

AMERICAN TECHNOCRETE, LLC

    Defendant

## REPORT AND RECOMMENDATION

A default damages hearing was held before the undersigned Magistrate-Judge today. Plaintiff was represented by attorney Edgardo L. Rivera-Rivera. Defendant failed to appear, despite being served via certified mail with the order setting the hearing (see Docket No. 32).[1]

At the hearing, plaintiff presented the testimony of its president, Mr. Leovaldo M. González, and its comptroller, Mr. Santiago Fernández, as well as submitted its financial statements and related documents for the periods at issue. See Exhibits 1-7.

Having entertained the evidence presented, the undersigned hereby makes the following findings, which are consistent with the allegations of the complaint:

1. In 2004 plaintiff entered into a contract with defendant for the sale of construction panel molds.

2. Plaintiff paid defendant the amount of $133,211.25 for an order that was not delivered.

3. Following the non-delivery of merchandise, defendant's President, Mr. Mark Steven Gelfat, informed plaintiff's president that he would deliver the goods at issue. However, defendant again failed to comply.

---

[1] A party in default, however, need not be served with pleadings pertaining to post-default events in the case. Blanchard v. Cortés-Molina, ___ F. 3d ___, 2006 WL 1766720 * 4-5 (1st Cir. 2006).

**CIVIL NO. 04-2299 (PG)**                                        2

As a result of defendant's breach of contract, plaintiff has sustained consequential damages in the amount of $1,039,699.52.  See also Exhibits 1-7.

Consequently, the undersigned hereby finds that plaintiff is entitled to contract damages in the amount of $1,172,910.00.  This sum represents the plaintiff's consequential damages, plus the return of the amount paid by it to defendant, quantities that are recoverable pursuant to Article 1060 of Puerto Rico's Civil Code, P.R. Laws Ann. tit 31 § 3024.  Plaintiff is also entitled to costs and attorney's fees.

Under the provisions of 28 U.S.C. § 636 and Local Rule 72(d), District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 17th day of July, 2006.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States Magistrate-Judge